IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DISABLEITY RIGHTS IOWA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID WHITE, in his official capacity as Sheriff of Muscatine County, and MUSCATINE COUNTY SHERIFF'S DEPARTMENT, <br><br> Defendants. | NO. _____ <br><br><br> COMPLAINT FOR INJUNCTIVE AND DECLARARTORY RELIEF |

COMES NOW Plaintiff Disability Rights Iowa ("DRI"), and for its Complaint against Defendant David White, Sheriff of Muscatine County and the Muscatine County Sheriff's Department (the "Sheriff") hereby states to the Court as follows:

## I. PRELIMINARY STATEMENT

Disability Rights Iowa – the Congressionally-mandated protection and advocacy system for individuals with disabilities or mental illness in Iowa – initiated an investigation after receiving a report that an inmate at the Muscatine County Jail (the "Jail") had been repeatedly shocked with a Taser during an attempt by jail staff to change her jumpsuit (the "Taser Incident"). As part of its investigation into the Taser Incident, DRI requested investigation reports, including personnel records, Taser training records and Taser policies pursuant to its

access authority under federal law. DRI also sought interviews with jail employees and witnesses to the Taser Incident.

The Defendants refused to provide access to the requested records and interviews in violation of the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. § 10801 *et. seq.*, the implementing regulations, and 42 U.S.C. § 1983. DRI seeks declaratory and injunctive relief so that it may conduct a full investigation into the Taser Incident and pursue remedies to ensure that the rights of Muscatine County Jail inmates are protected.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. § 1343. DRI's federal claims are made pursuant to 42 U.S.C. §§ 10801-10827 and 42 U.S.C. § 1983. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

2. Venue is proper under 28 U.S.C. § 1391(b) as all of the events and omissions complained of below occurred in this district.

## III. PARTIES

3. Plaintiff DRI is an independent, private non-profit corporation organized under the laws of the State of Iowa, and at all times relevant has been and is the statewide protection and advocacy agency designated by the Governor of the State of Iowa, pursuant to the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. 10801 *et seq.*

4. Defendant David White is the Sheriff of Muscatine County.

5. Defendant Muscatine County Sheriff's Department operates the Muscatine County Jail located at 400 Walnut Street, Muscatine, Iowa.

6. The Sheriff, in his official capacity, at all times relevant exercised general responsibility, supervision, and oversight of promulgation and implementation of the policies, practices, and programs of the Muscatine County Jail.

7. The Sheriff was and is operating under color of state law as a representative of a public entity and within the scope of his public employment.

8. The Sheriff is the custodian of records of inmates of the Jail, including information and individual records, obtained in the course of providing intake, assessment, evaluation, supportive and other services to inmates with mental illness, including medical records, financial records, and reports prepared or received by a member of the staff of the Jail facility or a program rendering care or treatment to Jail inmates.

9. The Sheriff is also the custodian of external and internal investigation reports regarding incidents at the Jail and personnel records of Jail staff, including disciplinary records.

### IV. DRI'S AUTHORITY TO INVESTIGATE ABUSE AND NEGLECT

10. DRI has the authority under the PAIMI Act at 42 U.S.C. § 10805(a)(1) to:

> (A) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred;

(B) pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in the State.

11. Jails are facilities under the PAIMI Act. 42 U.S.C. § 10802(3).

12. In order to carry out its authority to investigate abuse and neglect and pursue remedies on behalf of individuals with mental illness, DRI has the authority to "access all records of any individual who is a client of the system if such individual, or the legal guardian, conservator, or other legal representative of such individual, has authorized the system to have such access." 42 U.S.C. § 10805(a)(4); 42 CFR § 51.41(b)(1).

13. DRI has the authority to access "reports prepared by an agency charged with investigating abuse and neglect, or injury occurring at a facility rendering care or treatment, or by or for the facility itself, that describe any or all of the following:

**(i)** Abuse, neglect, or injury occurring at the facility;

**(ii)** The steps taken to investigate the incidents;

**(iii)** Reports and records, including personnel records, prepared or maintained by the facility, in connection with such reports of incidents; or

**(iv)** Supporting information that was relied upon in creating a report, including all information and records used or reviewed in preparing reports of abuse, neglect or injury such as records which describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings. 42 U.S.C. § 10806(b)(3)(A); 42 C.F.R. § 51.41(c)(2).

14. DRI has the right to access "professional, performance, building or other safety standards, demographic and statistical information relating to the facility." 42 C.F.R. § 51.41(c)(5).

15. DRI has the authority to access facilities. This authority includes "the opportunity to interview any facility service recipient, employee, or other persons, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation. Such access shall be afforded, upon request, by the P&A system when:

**(i)** An incident is reported or a complaint is made to the P&A system;

**(ii)** The P&A system determines there is probable cause to believe that an incident has or may have occurred; or

**(iii)** The P&A system determines that there is or may be imminent danger of serious abuse or neglect of an individual with mental illness. 42 C.F.R. § 51.42(b).

16. The PAIMI Act preempts state laws which restrict DRI's federal access authority. 42 U.S.C. § 10806(b)(2)(C).

## V. FACTUAL ALLEGATIONS

### A. The Taser Incident

17. Marie Franks is a person with mental illness within the meaning of 42 U.S.C. §10802(4).

18. Ms. Franks was an inmate at the Muscatine County Jail from October 1 through October 8, 2013.

19. On or about October 7, 2013, Marie Franks, then an inmate at Muscatine County Jail, was shocked with a Taser four times in less than ten minutes by Muscatine County Jail staff during an attempt to have Ms. Franks change her jumpsuit (referred to herein as the "Taser Incident").

20. Ms. Franks did not have a court-appointed guardian at all times relevant to this Complaint.

**B. DRI's Attempt to Investigate the Taser Incident**

21. On or about October 28, 2013, DRI received a report of the Taser Incident.

22. Based on that report, DRI initiated an investigation into the Taser Incident.

23. On October 29, 2013, DRI contacted the Sheriff, through his legal counsel, and made a written request for documents related to the incident pursuant to the access authority under the PAIMI Act and implementing regulations. DRI's request was not a request for public records made pursuant to Iowa's public records laws, Iowa Code Chapter 22.

24. DRI specifically requested any reports prepared by any agency charged with investigating abuse, neglect, or injury occurring at the Jail, or by the Jail itself, pertaining to Marie Franks that describe any or all of the following:

(i) Abuse, neglect, or injury occurring at the facility;

(ii) The steps taken to investigate the incidents;

(iii) Reports and records, including personnel records, prepared or maintained by the facility, in connection with such reports of incidents; or

(iv) Supporting information that was relied upon in creating a report, including all information and records used or reviewed in preparing reports of abuse, neglect or injury

such as records which describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings (hereinafter referred to as the "Investigation Reports").

25. The Sheriff refused to provide the Investigation Reports on the grounds that they were exempt from disclosure under Iowa's public records laws and that he did not have a release of information from Ms. Franks.

26. DRI then provided the Sheriff with a release of information signed by Ms. Franks and again requested the Investigation Reports.

27. The Sheriff repeatedly refused to provide the Investigation Reports to DRI, claiming that the records were not related to Marie Franks and that DRI did not have the authority to access the Investigation Reports claiming the PAIMI regulations were invalid.

28. DRI made a final request for the Investigation Reports on December 19, 2013, including but not limited to the Administrative Review of Critical Incidents reports, and also requested the Sheriff to provide training records and policies related to use of Tasers. ("Taser Training Records and Policies").

29. To date, the Sheriff has not provided DRI with the Investigation Reports or the Taser Training Records and Policies.

30. On January 8, 2014, DRI made a written request to conduct a facility inspection of the Muscatine County Jail on January 22, 2014 and interview specific staff members involved in the Taser Incident.

31. DRI received no response from the Sheriff despite multiple attempts to confirm the date for the facility access and staff interviews.

32. On January 21, 2014, the day before DRI's planned visit to the Jail, the Sheriff responded approving access to the Jail, but questioned DRI's authority and procedure for interviewing Jail staff.

33. In response, DRI provided the Sheriff with the provisions of the PAIMI Act, the implementing regulations and case law that gave DRI the authority to conduct interviews of witnesses to the Taser Incident, including Jail staff.

34. Nevertheless, the Sheriff responded that he would allow a jail tour, but denied DRI the opportunity to interview Jail staff about the Taser Incident.

35. DRI toured the Jail on January 22, but the Sheriff did not allow DRI to interview Jail staff about the Taser Incident and did not provide any documents to DRI.

36. As a result of the Sheriff's actions, DRI was and continues to be unable to fulfill its federal mandate to conduct a full investigation into the Taser Incident.

## VI. CAUSES OF ACTION

### COUNT I—VIOLATION OF ACCESS TO RECORDS UNDER THE PAIMI ACT

37. DRI incorporates and re-alleges paragraphs 1 through 36, as if fully set forth herein.

38. DRI, as the designated Protection and Advocacy system in Iowa, has the right to access the Investigation Reports, Taser Training Records and Policies pursuant to the PAIMI Act and implementing regulations. 42 U.S.C. §§ 10805(a)(4), 10806(b)(3)(A) and (B), 42 C.F.R. 51.41(a), (b) and (c)(2) and (5).

39. The Sheriff's failure to provide DRI with the Investigation Reports, Taser Training Records and Policies violates DRI's rights under the PAIMI Act and implementing regulations. 42 U.S.C. §§ 10805 (a)(4), 10806(b)(3)(A) and (B), 42 C.F.R. 51.41(a), (b) and (c)(2) and (5).

40. DRI has no adequate remedy at law.

## COUNT II—VIOLATION OF ACCESS TO INTERVIEW WITNESSES UNDER THE PAIMI ACT

41. DRI incorporates and re-alleges paragraphs 1 through 40, as if fully set forth herein.

42. DRI, as the designated Protection and Advocacy system, has the right to conduct a full investigation of an incident of abuse or neglect, 42 U.S.C. § 10805 (a)(1)(A), including being provided with the "opportunity to interview any facility service recipient, <u>employee,</u> or other persons, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation." 42 C.F.R. § 51.42(b) (emphasis added).

43. The Sheriff's failure to allow the opportunity to interview staff as witnesses violates DRI's rights under the PAIMI Act and implementing regulations. 42 U.S.C. § 10805(a)(1)(A) and 42 C.F.R. 51.42(b).

44. DRI has no adequate remedy at law.

## COUNT III—VIOLATION OF 42 U.S.C. SECTION 1983

45. DRI restates and incorporates by this reference each allegation contained in paragraphs 1 through 44 as if fully set forth herein.

46. The Civil Rights Act of 1871, 42 U.S.C. § 1983 provides relief for persons, who under color of state law, have been deprived of any rights, privileges or immunities secured by the U.S. Constitution and the laws of the United States.

47. The Sheriff, operating under the color of state law, has violated DRI's rights secured by the PAIMI Act, 42 U.S.C. § 10801, *et seq.* and its implementing regulations, to fully investigate the Taser Incident by accessing the Investigation Reports, Taser Training Records and Policies. 42 U.S.C. § 10805 (a)(1)(A); 42 U.S.C. §§ 10805 (a)(4), § 10806(b)(3)(A) and (B).

## VII. REQUESTS FOR RELIEF

WHEREFORE, DRI respectfully requests that this Court:

1. Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring that the Defendants' actions and failures to act violate the PAIMI Act by:

    i) Denying DRI access to the Investigation Reports, Taser Training Records and Policies in violation of 42 U.S.C. §§ 10805 and 10806; and

    ii) Preventing DRI from fully performing its statutory duty to investigate incidents of abuse and neglect of persons with mental illness in violation of PAIMI §§ 10801 to 10827.

2. Enter permanent injunctive relief, pursuant to 28 U.S.C. § 2202, requiring the Sheriff to:

a. provide DRI with the Investigation Reports, Taser Training Records and Policies;

b. give DRI the opportunity to interview Jail employees and other witnesses who reasonably may have information about the Taser Incident;

3. Retain jurisdiction over this action to ensure Defendants' compliance with the mandates of the PAIMI Act;

4. Award DRI its costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and

5. Order such other, further, or different relief as the Court deems equitable and just.

DATED this 12th day of March, 2014.

Respectfully submitted,

_____
Cynthia A. Miller

_____
Jane Hudson

DISABILITY RIGHTS IOWA
400 East Court Avenue, Suite 300
Des Moines, Iowa 50309
Telephone: (515) 278-2502
Fax: (515) 278-0539
Email: cmiller@driowa.org
Email: jhudson@driowa.org
ATTORNEYS FOR PLAINTIFF

**ORIGINAL FILED – CM/ECF**